IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>10 South Howard Street, 3rd Floor,<br>Baltimore, Maryland 21201<br><br>               Plaintiff,<br><br>       v.<br><br>THE BELL COMPANY, and<br>THE BELL COMPANY, LLC,<br>1340 Lexington Ave, Rochester, NY 14606-3010<br>at the US Army Aberdeen Proving Ground<br>Aberdeen Proving Ground, MD 21005-5001<br>               Defendants. | CIVIL ACTION NO. _____<br><br>COMPLAINT<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex and retaliation and to provide appropriate relief to Elaine Cusato, a former employee of Defendants. As alleged with greater particularity in paragraph 13 below, Cusato has been subjected to a hostile work environment, disparate terms and conditions, and discharged because of her sex and in retaliation for her opposition to the aforementioned unlawful employment practices.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, The Bell Company, has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

5. At all relevant times, Defendant, The Bell Company, LLC, has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant, The Bell Company, has continuously been a privately-held New York company doing business in the State of Maryland and the Aberdeen Federal Proving Grounds, Aberdeen, Maryland, and has continuously had at least 15 employees.

7. On information and belief, The Bell Company is the wholly-owned subsidiary of Defendant, Bell Company, LLC; the predecessor in assets and operations of The Bell Company,

LLC; or in the alternative, an entity merged into the Bell Company, LLC, at the latter's inception; and has continuously had at least 15 employees.

8. During events at issue in this Complaint, Defendant, The Bell Company, LLC, has continuously been a Delaware limited-liability company doing business in the State of Maryland and the Aberdeen Federal Proving Grounds, Aberdeen, Maryland, and has continuously had at least 15 employees.

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Elaine Cusato filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Cusato was employed by Defendants in 2008 as a skilled equipment operator and materials handler at Defendants' construction site at Aberdeen Proving Grounds, primarily assigned to operating a Lull-model Telehandler materials-handling vehicle and hauling heavy materials to Defendants' plumbing and pipefitting crews. During her employment, Cusato was the only woman employed by Defendants in a skilled (non-laborer) construction position on the site.

11. At times relevant to the action, Defendants placed Cusato under the direct supervision of Mario Isada ("Isada"), initially Cusato's plumbing crew foreman and later supervisor of plumbing crews; as well as under the supervising chain of command of Keith Okleshen ("Okleshen"), Mechanical Superintendent; James Burdette ("Burdette"), Project co-Manager; and Gerry Romandino ("Romandino"), Project Supervisor.

12. Cusato worked under the close personal supervision and authority of Isada on a daily basis from her hiring in June 2008 until her transfer to a different work crew in early

3

August 2008. From early August 2008 until Cusato's discharge on December 5, 2008, Defendants allowed her to remain subject to Isada's orders, workplace comments, and evaluations of performance even though she was formally assigned to a different foreman.

13. Between June 2008 and December 2008, Defendants engaged in unlawful employment practices at their Aberdeen, Maryland, construction site in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, and Section 704 of Title VII, 42 U. S. C. § 2000e-3. Such practices included the following:

a. subjecting Cusato to a sexually hostile and offensive work environment by condoning sexually harassing behavior by Isada, Okleshen, Burdette, and Romandino. Incidents of harassment committed by Isada with knowledge by Cusato's supervising chain of command include but are not limited to: on a daily basis, criticizing Cusato's person and work performance with a vehemence, aggression, and profanity which was not directed toward male workers; throwing a shovel at Cusato or recklessly in her vicinity in anger on three occasions in June and July, 2008; screaming at her to "get the fucking [safety] netting up!" in front of site inspectors after the inspectors ordered Isada to do it, prompting the inspectors to advise Cusato of her right not to stand for such treatment; cursing her out in front of co-workers and other subcontractors' employees as a "fucking stupid operator" and screaming that he had "never seen anyone so fucking stupid in all [his] life"; interrupting her Lull operation in order to assign her menial laborer's and go-for tasks when there were male plumbing crew and laborers under Isada's authority who were idle; telling other employees on the site that Cusato was "a fucking bitch," was untrustworthy, and that they should not talk to her; telling Cusato's foreman at the time that "they need to get rid of that cunt!"; and on three occasions in the period August through early December ordering employees to forcibly wrest control of Cusato's construction vehicle away

4

from her even though she was operating the vehicle under the direct orders of her supervising foreman. Incidents of harassment by Okleshen, Burdette, and Romandino include failure to do anything about Isada's hijackings of Cusato's vehicle and *ultra vires* orders even though her own foreman at the time complained to higher supervisors of it; belittling Cusato for complaining about to them about Isada's orders to perform menial tasks and sarcastically asking her whether she deemed it to be "male/female discrimination" and whether she was "too good" for the job; telling her that she was "untrustworthy"; ordering her to answer orders and requests over her vehicle radio only through her foreman because Romandino didn't "want to hear her on that fucking radio again," a rule not imposed on male Lull operators; and communicating numerous statements to Cusato's foreman concerning the unfitness of women to work on a construction site; culminating in Cusato's termination because of her gender in December 2008

      b.    subjecting Cusato to terms and conditions and adverse action not imposed on male workers in similar positions, including but not limited to the assignment of menial and go-for tasks not assigned to male Lull operators and assigned at times when male workers and laborers were visibly idle; subjecting her to orders from Isada even when Isada was no longer in her chain-of-command, including the attempted and completed forcible removal of her from her assigned construction vehicle; prohibiting her from responding directly to work requests over her vehicle's radio, a rule not imposed on male operators; and discharging her because of her gender in December 2008.

      c.    retaliating against Cusato for complaining to human resources officers and other supervisors in late July 2008 about Mario Isada's discriminatory treatment of her. Such retaliation included but was not limited to: allowing her to be subjected to similar and worse treatment by Isada after the first complaint, including allowing Isada to interrupt her assigned

5

work to perform menial tasks even though he had been removed from her chain of command in early August 2008; allowing Isada to spread rumors on the site that Cusato was "a fucking bitch" and an untrustworthy worker whom other workers should shun; allowing Isada to have her forcibly thrown out of her Lull machine; belittling her for making subsequent complaints; confronting her with "rumors" that she was "informing" on the chain-of-command to Human Resources and calling her untrustworthy because of it; planning a pretextual firing of Cusato once her July 2008 complaint about Isada "was no longer an issue"; communicating numerous statements to Cusato's foreman concerning her unfitness for the job; taking away her vehicle's two-way radio, which she needed to perform her job; and discharging her over the strenuous objections of her own foreman at the time.

14.     The unlawful employment practices complained of in Paragraph 13 above were intentional.

15.     The unlawful employment practices complained of in Paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Cusato.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from sexually harassing their employees and from engaging in retaliation against employees who oppose practices made unlawful by Title VII;

B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for females that eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to institute and carry out a standard reasonable and mandatory procedure for investigating the truth of workers' complaints concerning discriminatory behavior; and to train all levels of management authorized to investigate such complaints in the proper protocol for investigation, internal reporting, and recordkeeping with regard to such complaints.

D. Order Defendants to make whole Cusato by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to front pay.

E. Order Defendants to make whole Cusato by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13, including retraining expenses, job search expenses, and medical expenses not covered by Defendants' employee benefit plan in amounts to be determined at trial.

F. Order Defendants to make whole Cusato by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 13, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

G. Order Defendants to pay Cusato punitive damages for its malicious and reckless conduct described in paragraph 13 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel


GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney (Acting)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Federal Bar No. 15562
10 South Howard Street, 3rd Floor
Baltimore, MD 21201
(410) 209-2733 (phone)
(410) 209-4270 (fax)
maria.salacuse@eeoc.gov